**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 46**

Docket No. AT-0831-16-0032-I-1

**James Patrick Pierotti,**

**Appellant,**

**v.**

**Office of Personnel Management,**

**Agency.**

December 27, 2016

Jennifer D. Cieluch, Esquire, and Jennifer H. Wu, Esquire, New York, New York, for the appellant.

Kristine Prentice, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM).  For the reasons discussed below, we GRANT the appellant's petition for review and AFFIRM the initial decision AS MODIFIED by this Opinion and Order.

BACKGROUND

¶2      In a reconsideration decision, OPM found that the appellant had been overpaid $84,546.02 because he had received both Office of Workers'

Compensation Programs (OWCP) and disability retirement payments for the period from August 27, 2005, to March 30, 2010. Initial Appeal File (IAF), Tab 7 at 6. The appellant appealed OPM's decision.

¶3 Based on the record, including the hearing testimony, the administrative judge found that OPM proved the existence and the amount of the overpayment. IAF, Tab 22, Initial Decision (ID) at 3-4. She also found the appellant was not without fault because he either knew or should have known that he was receiving an overpayment. ID at 5-7. Additionally, she found that the appellant has a monthly income of $167.08 in excess of his ordinary and necessary expenses and thus failed to show that he was entitled to waiver of the overpayment, or that he was entitled to adjustment of OPM's recovery schedule of $125 per month. ID at 5-9.

¶4 In his petition for review, the appellant reiterates the arguments that he made below. Petition for Review (PFR) File, Tab 3. The appellant asserts that the administrative judge erred in finding that the overpayment should not be waived because he was not without fault. He asserts that he is without fault because he reasonably relied on OPM's February 2006 statement to him that his benefits had been suspended, thereby believing that his benefit payments from OPM had in fact been suspended and he was entitled to the payments from OPM that he was receiving. He also asserts that the administrative judge erred in finding that repayment of $125 per month would not cause him financial hardship. OPM has responded to the petition. PFR File, Tab 6.

## ANALYSIS

¶5 Recovery of an overpayment from the Civil Service Retirement and Disability Fund will be waived when the annuitant is without fault and recovery would be against equity and good conscience. 5 U.S.C. § 8346(b); 5 C.F.R. § 831.1401. A recipient of an overpayment is without fault if he has performed no act of commission or omission that resulted in the overpayment. 5 C.F.R.

§ 831.1402. OPM's Policy Guidelines provide that individuals who know or suspect that they are receiving overpayments are expected to set aside the amount overpaid pending recoupment, and that in the absence of exceptional circumstances, which do not include financial hardship, recovery in these cases is not against equity and good conscience. IAF, Tab 7 at 70 (Policy Guidelines of the Disposition of Overpayments under the Civil Service Retirement System and Federal Employees' Retirement System § I.C.4); *see Wright v. Office of Personnel Management*, 105 M.S.P.R. 419, ¶ 4 (2007).

¶6        Recovery is against equity and good conscience when it would cause financial hardship, the annuitant can show that because of the overpayment he relinquished a valuable right or changed positions for the worse, or recovery could be unconscionable under the circumstances. 5 C.F.R. § 831.1403(a). The appellant bears the burden of establishing his entitlement to a waiver by substantial evidence. 5 C.F.R. § 831.1407(b). Substantial evidence is defined as the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p).

¶7        We agree with the administrative judge that the appellant failed to prove that he is without fault. As the administrative judge found, while there is no evidence that the overpayment resulted from any statement that the appellant should have known to be incorrect or from any failure on his part to disclose material facts, he did accept payments that he knew or should have known to be erroneous. OPM's letter of February 16, 2006, stated that it would suspend disability retirement payments to the appellant because he was receiving compensation from OWCP. IAF, Tab 7 at 46. Based on that letter, the appellant knew or should have known that receipt of continued disability retirement benefits was in error. He certainly was aware that there was no reduction of his benefits despite OPM's statement that payments had been suspended. As the administrative judge noted, although OPM shares some of the blame for the

overpayment because it failed to stop paying the appellant even after it learned that he was receiving OWCP benefits, the governing regulations provide that the fact that OPM may have been at fault in initiating the overpayment will not necessarily relieve the recipient from liability. 5 C.F.R. § 831.1402. Under the circumstances presented here, we find the appellant would have been expected to set aside the amount overpaid pending recoupment.

¶8    An annuitant who is ineligible for waiver nevertheless may be entitled to an adjustment in the recovery schedule if he shows that it would cause him financial hardship to make payment at the rate scheduled. 5 C.F.R. § 831.1401. Pursuant to OPM's regulations, financial hardship may exist when the annuitant needs substantially all of his income and liquid assets to meet current ordinary and necessary living expenses and liabilities. 5 C.F.R. § 831.1404. In determining whether living expenses are "ordinary and necessary," the Board applies a reasonable person test, regardless of the individual's accustomed standard of living. *Zelenka v. Office of Personnel Management*, 107 M.S.P.R. 522, ¶ 9 (2007). As to the matter of financial hardship, we have reviewed the accuracy of the administrative judge's calculations in determining the appellant's income and expenses, and we apply our calculations to determine whether the appellant is entitled to a reduction of the recovery schedule.

¶9    Ordinary and necessary living expenses include rent, mortgage payments, utilities, maintenance, food, clothing, insurance (life, health, and accident), taxes, installment payments, medical expenses, support expenses when the annuitant is legally responsible, and other miscellaneous expenses which the individual can establish as being ordinary and necessary. *Wright*, 105 M.S.P.R. 419, ¶ 6; 5 C.F.R. § 831.1405. The Board will give the appellant the benefit of the doubt unless the expense clearly constitutes an extravagance or a luxury. *Wright*, 105 M.S.P.R. 419, ¶ 6. In the absence of a specific challenge by OPM, an appellant seeking to reduce a repayment schedule should not be required to substantiate his expenses and income unless the information appears incomplete

or unreasonable on its face. *Derrico v. Office of Personnel Management*, 42 M.S.P.R. 491, 496-97 (1989).

¶10     The appellant's monthly income, as reported on his Financial Resources Questionnaire (FRQ), is $3,182.94. IAF, Tab 9 at 60. However, we agree with the administrative judge that the appellant's reasonable monthly Social Security income was reduced by $122 in February 2016, because he had to start paying that amount towards Medicare, and thus his monthly income must be reduced by that amount. ID at 8. The appellant's ordinary, necessary, and reasonable expenses reported on the FRQ, section V, amounted to $2,893.86. IAF, Tab 9 at 60. This amount, however, does not include the $50 for emergency expenses allowed by OPM, nor the appellant's average yearly medical expenses, which he reported in the Remarks section of the FRQ, section X, *id.* at 62, rather than in the Average Monthly Expenses section, section V, *id.* at 60. The appellant reported his yearly medical expenses as $3,475.08, resulting in average monthly medical expenses of $289.59. Examining the FRQ, we find, however, that the appellant's yearly medical expenses must be reduced to exclude $1,362.14 for shoulder surgery, an amount that he was repaying at $75 per month, IAF, Tab 9 at 61, an expense reflected in his monthly payments on existing installment contracts. Therefore, we find the appellant's average medical expenses are $2112.94, or $176.08 per month.

¶11     Applying the amounts above, the appellant's monthly income is $3,060.94 and his monthly expenses are $3119.94, exceeding his monthly income by $59.00. We give the appellant the benefit of any doubt regarding his expenses. None of his expenses clearly constitutes an extravagance or a luxury, and OPM has made no challenge to them. *See Wright*, 105 M.S.P.R. 419, ¶ 6. Indeed, in its response to the appellant's petition for review, OPM took the unusual step of adding a footnote stating that it would not object if the Board found it appropriate to give further consideration of possible adjustment to the appellant's recovery

schedule based on the appellant's assertions that collection at the rate scheduled would cause him financial hardship. PFR File, Tab 6 at 4 n.1.

¶12      Under these circumstances, we find that the appellant needs substantially all of his current income to meet his current ordinary and necessary living expenses, and that the collection of the overpayment at the repayment schedule of $125 per month would cause financial hardship to the appellant. When an appellant's monthly expense exceeds his monthly income, the Board has reduced OPM's repayment schedule to $5 a month. *Knox v. Office of Personnel Management*, 107 M.S.P.R. 353, ¶¶ 12-13 (2007); *Dorrello v. Office of Personnel Management*, 91 M.S.P.R. 535, ¶¶ 9-10 (2002); *Matthews v Office of Personnel Management*, 85 M.S.P.R. 531, ¶ 11 (2000). Accordingly, because in this case the appellant's monthly expenses exceed his monthly income, we modify the collection schedule to $5 per month.

¶13      Finally, while this case was pending on review, the Board requested an advisory opinion from OPM to ask it what, if any, notice the Board could provide debtors to let them know that their debt to the United States Government may not terminate—and may continue to be collectible through various means—even after their deaths. In response, OPM recommended that the Board notify debtors of a potential collection action against the debtors' estate, and beneficiaries, if appropriate, should the outstanding debt not be satisfied at the time of death, with the language as follows:

> The OPM has advised the Board that it may seek recovery of any debt remaining upon your death from your estate or other responsible party. A party responsible for any debt remaining upon your death may include an heir (spouse, child or other) who is deriving a benefit from your Federal benefits, an heir or other person acting as the representative of your estate if, for example, the representative fails to pay the United States before paying the claims of other creditors in accordance with 31 U.S.C. § 3713(b), or transferees or distribute[r]s of your estate.

PFR File, Tab 17 at 12.

¶14     This is important to note because the Board's financial hardship analysis, when it considers OPM's collection schedule, is income-based and not asset based, which is an important distinction for the ultimate collection of the debt owed to the United States.

## ORDER

¶15     We ORDER OPM to reduce the appellant's repayment schedule to a rate of $5 per month.  OPM must complete this action no later than 20 days after the date of this decision.

¶16     We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order.  We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order.  The appellant, if not notified, should ask OPM about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶17     No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM.  *See* 5 C.F.R. § 1201.182(a).

¶18     This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at title 5 of

the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

<u>NOTICE TO THE APPELLANT REGARDING</u>
<u>YOUR FURTHER REVIEW RIGHTS</u>

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.